**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DAIANE CRUZ DE MOURA, as next friend of MAIKON
ANDRE DIAS FERREIRA,

                                      9:26-cv-00449 (BKS)

                        Petitioner,

v.

WARDEN, BROOME COUNTY CORRECTIONAL
FACILITY, U.S. DEPARTMENT OF HOMELAND
SECURITY, and IMMIGRATIONS AND CUSTOMS
ENFORCEMENT,

                        Respondents.

---

**Appearances:**

*As Next Friend of Petitioner:*
Daiane Cruz de Moura
Philadelphia, PA 19135

*Petitioner:*
Maikon Andre Diaz Ferreira
Broome County Correctional Facility
P.O. Box 2047
Binghamton, NY 13902

*For Respondent Warden, Broome County Correctional Facility:*
Cheryl Sullivan
Broome County Attorney
Joshua T. Terrell
Assistant County Attorney II
60 Hawley Street
Binghamton, NY 13901

*For Respondents U.S. Department of Homeland Security and Immigrations and Customs
Enforcement:*
Karen Folster Lesperance
Assistant United States Attorney
United States Attorney's Office
445 Broadway, Room 218
Albany, New York 12207

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.      INTRODUCTION**

On March 23, 2026, Daiane Cruz de Moura filed a petition pursuant to 28 U.S.C. § 2241 as next friend of Petitioner Maikon Andre Dias Ferreira, seeking a writ of habeas corpus releasing Petitioner from immigration detention, or, alternatively, ordering a new bond hearing (Dkt. No. 1, at 7; Dkt. No. 10-1, ¶ 4). Upon review of the petition, the Court issued an Order: directing Respondents to show cause why the Petition for a writ of habeas corpus should not be granted; setting a briefing schedule; scheduling oral argument; and prohibiting Respondents from moving Petitioner outside the jurisdiction of the Northern District of New York while this matter is pending. (Dkt. No. 2). Respondents Warden, Broome County Correctional Facility, U.S. Department of Homeland Security ("DHS"), and Immigrations and Customs Enforcement ("ICE") filed responses. (Dkt. Nos. 4, 10). Petitioner filed replies. (Dkt. Nos. 8, 11). On April 21, 2026, the Court held oral argument. Following oral argument the Court directed the Government to file status reports in light of its representation at oral argument that Petitioner was subject to an order of removal. The Government complied. (Dkt. Nos. 15, 18, 21). Petitioner did not file a further response. For the reasons that follow, the petition is denied.

**II.     BACKGROUND[1]**

Petitioner is a native and citizen of Brazil. (Dkt. No. 1, at 9). He "entered the United States lawfully on November 10, 2018, under a B-1/B-2 visitor visa and overstayed his [six-month] authorized period of admission." (*Id.* at 10; Dkt. No. 10-1, ¶ 4). On December 10, 2025, Border Patrol "encountered Petitioner in Watertown, New York, operating a pick-up truck with

---

[1] Unless otherwise noted, the facts are not disputed.

2

New Jersey license plates" and a registration "associated with 'Dias Maikon construction [sic] LLC'"; "the registered owner of the vehicle was associated with a person who was illegally present in the United States." (Dkt. No. 10-1, ¶ 5). Border Patrol agents stopped the vehicle and questioned Petitioner about his citizenship. (*Id.*). "Petitioner acknowledged being a citizen of Brazil and was unable to produce any immigration documentation that would allow him to be or remain in the United States." (*Id.*). "Border Patrol agents determined that Petitioner was a B-1/B-2 visa overstay who entered the United States at the Miami International Airport on November 10, 2018 and that there were no records of Petitioner's departure." (*Id.*). A criminal history check indicated that Petitioner had been arrested on October, 15, 2025 in Pennsylvania on charges of robbery, terroristic threats, stalking, threats by unlawful taking, receiving stolen property, simple assault, recklessly endangering, and harassment. (Dkt. No. 10-2, at 14). According to the December 10, 2025 "Record of Deportable/Inadmissible Alien": Petitioner "was processed for warrant of arrest/notice to appear" under 8 U.S.C. § 1227(a)(1)(B) for overstaying his visa; it was determined that Petitioner "will be detained under INA 235(b)(2)(A)"; and Petitioner was provided with a Notice to Appear, a Form I-200 Warrant for Arrest, and Form I-286 Notice of Custody Determination.[2] (Dkt. No. 10-2, at 14–15).

On March 5, 2026, Petitioner's attorney filed a custody redetermination motion. (Dkt. No. 10-1, ¶ 9). On March 16, 2025, the immigration court denied bond, finding Petitioner presented a "danger to the community based on two incidents of domestic violence" as well as a "flight risk due to his widespread travel in other states." (Dkt. No. 10-2, at 10). On April 10, 2026, following a hearing, the immigration court denied Petitioner's request for asylum and

---

[2] None of the forms provided to Petitioner on December 10, 2025 appear to be in the present record. Although the record contains a Notice to Appear, it is dated December 17, 2025. (Dkt. No. 10-2, at 3–4).

issued an Order of Removal. (Dkt. No. 15, at 1; Dkt. No. 21-1 (Order of Removal)). According to the Government, as neither party appealed the Order of Removal, it became administratively final as if May 12, 2026. (Dkt. No. 18 (citing 8 C.F.R.§ 1241.1(c))).[3] "Petitioner remains detained at the Broome County Correctional Facility." (Dkt. No. 10-1, ¶ 10).

## III.    NEXT FRIEND STATUS

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242 (emphasis added). "A person acting on behalf of the person for whom the habeas petition is filed is known as a 'next friend.'" *Iza by Iza v. Larocco*, 814 F. Supp. 3d 357, 370 (E.D.N.Y. 2026) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 161 (1990)). The Second Circuit instructed that:

> [T]here are "at least two firmly rooted prerequisites for 'next friend' standing." "First, a 'next friend' must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action." "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate."

*Doe v. Hochul*, 139 F.4th 165, 177 (2d Cir. 2025) (internal citations omitted) (quoting *Whitmore*, 495 U.S. at 163). Several "courts in the Southern and Eastern Districts of New York have decided habeas petitions in recent months brought by a next friend with a significant relationship to a detainee." *Ndoye v. Joyce*, No. 25-cv-8856, 2026 WL 306387, at *1 n.2, 2026 U.S. Dist. LEXIS 24653, at *2 n.2 (S.D.N.Y. Feb. 5, 2026) (collecting cases); *see also id.* (allowing the petitioner's wife to act as next friend, finding "in part based upon the manner of his arrest and

---

[3] In its status report, the Government states: "Petitioner did appeal his Order of Removal." (Dkt. No. 18). However, when this phrase is read in context, it is evident that the Government intended to state that "Petitioner did *not* appeal his Order of Removal," and that the omission of the word "not" was a typographical error. *See id.* ("Petitioner did appeal his Order of Removal to the Board of Immigration Appeals (BIA), and the deadline for doing so has passed. As such, the order became administratively final as of May 12, 2026.").

detention, Petitioner has been unable to prosecute the action on his own behalf," noting the petitioner's failure "to file the amended petition in full on the docket," and finding that the petitioner's wife had shown her dedication to the petitioner's "best interests, based on her significant relationship to Petitioner and her conduct to date").

In support of her request to appear as next friend to Petitioner, De Moura filed a letter stating that she is the Petitioner's wife and that Petitioner cannot "handle this matter on his own" because inside the detention facility, he "does not have proper access to the necessary resources to manage his case" such as envelopes or stamps, he "does not have a reliable way to send or receive documents," and his ability to communicate "is limited," making it "extremely difficult for him to follow up on legal matters or meet deadlines." (Dkt. No. 8, at 2). The Court therefore concludes the Petitioner's difficulties under the present circumstances and lack of access to resources sufficiently demonstrate inaccessibility. *See Iza by Iza*, 814 F. Supp. 3d at 370–71 (finding next friend sufficiently demonstrated the courts were inaccessible to the petitioner where the petitioner, who had been detained by ICE, had no opportunity to call counsel and was given no information on available relief, had no access to a law library or means to prepare a pro se petition, had strict limitations on call time, and had been "transferred from facility to facility"). Moreover, during oral argument, it was evident to the Court that De Moura, who filed the petition, participated in oral argument, and filed a reply on Petitioner's behalf, is dedicated to Petitioner and to seeking his best interests. Accordingly, De Moura's request is granted.

## IV.    JURISDICTION

"28 U.S.C. § 2241(c)(3) authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens

challenging the constitutionality of their detention." *Lopez v. Sessions*, No. 18-cv-4189, 2018 WL 2932726, at *6, 2018 U.S. Dist. LEXIS 98712, at *15 (S.D.N.Y. June 12, 2018) (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)).

## V.    DISCUSSION

At the time Petitioner filed the petition, he was still in removal proceedings, and was seeking release from detention, or, alternatively, a new bond hearing on the ground that his due process rights had been violated. (Dkt. No. 1 (Petition filed Mar. 23, 2026)). In its most recent status report, the Government asserts that because an Order of Removal has been issued, and because that Order became administratively final as of May 12, 2026, Petitioner is subject to a 90-day period of detention while the Government "effectuates his removal." (Dkt. No. 18 (citing 8 U.S.C. § 1231(a)(1); *see also* Dkt. No. 21-1 (Order of Removal "Appeal Due: 05/11/2026"))). The Government is correct.

Section 1231 governs the detention of noncitizens following an order of removal and states that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). Detention is mandatory during the 90-day removal period. *Id.* § 1231(a)(2)(A) ("During the removal period, the Attorney General *shall detain* the alien.") (emphasis added); *see Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) ("After entry of a final removal order and during the 90-day removal period . . . aliens must be held in custody."). "There are three scenarios that can trigger the start of [Section 1231's] removal period, but only the *latest* of those scenarios is the trigger." *Hechavarria v. Sessions*, 891 F.3d 49, 55 (2d Cir. 2018). Those scenarios are:

> (i) The date the order of removal becomes administratively final.

6

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B)).

The Government asserts that the first scenario, the date the removal order became administratively final, triggered the 90-day removal period in this case.[4] (Dkt. No. 18). The applicable regulations state, as relevant here: that "[a]n order of removal made by the immigration judge at the conclusion of proceedings . . . shall become final . . . (c) [u]pon expiration of the time allotted for an appeal if the [the petitioner] does not file an appeal within that time." 8 C.F.R. § 1241.1(c); (*see also* Dkt. No. 21-1, at 4 ("Appeal Due 05/11/2026")). Here, Petitioner did not appeal the Order of Removal, thus it became "administratively final" on May 12, 2026 and Section 1231's 90-day removal period—during which detention is mandatory—began on May 12, 2026, and extends until August 10, 2026. *See J.L. v. Decker*, No. 22-cv-2853, 2024 WL 232115, at *5, 2024 U.S. Dist. LEXIS 10894, at *11 (S.D.N.Y. Jan. 22, 2024) ("The removal period thus began—and the statutory provision governing detention shifted to Section 1231—when the order of removal became administratively final on April 20, 2022."); *see also Jumadar v. Castro*, No. 26-cv-00159, 2026 WL 392424, at *1, 2026 U.S. Dist. LEXIS 29451, at *1 (D.N.M. Feb. 11, 2026) (finding the petitioner's waiver of appeal of removal order on day of issuance made "removal order administratively final on the same day"); *Tai v. Warden,*

_____

[4] There is no indication that the latter two scenarios listed in 8 U.S.C. § 1231(a)(1)(B)(ii) and (iii), judicial review and stay or detention outside the immigration process, are implicated in this case. Moreover, it appears the time for seeking judicial review has expired. *See* 8 U.S.C. § 1252(b)(1) ("The petition for [judicial] review must be filed not later than 30 days after the date of the final order of removal.").

*California City Det. Facility*, No. 26-cv-01857, 2026 WL 747138, at *1, 2026 U.S. Dist. LEXIS 55685, at *1–2 (E.D. Cal. Mar. 17, 2026) ("Petitioner and the Department of Homeland Security . . . waived the right to appeal the removal order and it therefore became final immediately." (citing 8 C.F.R. § 1241.1(b))).

Because Petitioner is now detained under Section 1231(a)(2)(A), any claim that Petitioner's initial detention under 8 U.S.C. § 1226 violated due process has been rendered moot. *See Wang*, 320 F.3d at 147 (finding that because the petitioner was "*now* subject to detention" under 8 U.S.C. § 1231, any previously cognizable due process claim under 8 U.S.C. § 1226 has been rendered moot"); *see also Godfrey v. Ball*, No. 23-7104, 2024 WL 4471571, at *1, 2024 U.S. App. LEXIS 25647, at *3 (2d Cir. Oct. 11, 2024) (explaining that "[a] due process challenge to detention under § 1226 is rendered moot" by the occurrence of triggering scenario, which "shifts detention authority to § 1231"); *De Oliveira Jimenez v. Searls*, No. 22-cv-960, 2023 WL 11134381, at *4, 2023 U.S. Dist. LEXIS 237355, at *9 (W.D.N.Y. Mar. 2, 2023) ("The Second Circuit has held that a challenge to an order of detention under Section 1226 is moot once a final order of removal has been entered." (citing *Wang*, 320 F.3d at 147)).

In addition, any due process challenge to Petitioner's current detention under Section 1231 "fails because his petition was either premature or is premature now" since the 90-day removal period has not yet expired. *Godfrey*, 2024 WL 4471571, at *2, 2024 U.S. App. LEXIS 25647, at *3; *see De Oliveira Jimenez*, 2023 WL 11134381, at *5, 2023 U.S. Dist. LEXIS 237355, at *10 (dismissing the petition under "Section 1226 as moot and under Section 1231 as premature"); *Contreras Blanco v. Garland*, No. 21-cv-172, 2021 WL 3667201, at *2, 2021 U.S. Dist. LEXIS 155326, at *5 (W.D.N.Y. Aug. 18, 2021) (dismissing petition as premature where petitioner had been detained under Section 1231 for less than two months). The Supreme Court

has held that detention of a noncitizen *for up to six months* during the removal period under § 1231 is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Thus, Petitioner's detention will remain presumptively reasonable until at least July 22, 2026. For that reason, the petition is premature and is denied subject to renewal after July 22, 2026.

## VI.    CONCLUSION

Accordingly, it is

**ORDERED** that the request to proceed by Next Friend is **GRANTED**; and it is further

**ORDERED** that the Petition (Dkt. No. 1) is **DENIED without prejudice as premature**; and it is further

**ORDERED** that the Clerk of the Court enter judgment accordingly and close this case; and it is further

**ORDERED** that the Clerk serve this Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: <u>June 12, 2026</u>

Brenda K. Sannes
Chief U.S. District Judge

9